IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

David N. Firewalker-Fields,   )
  Plaintiff,      )
            )
v.           )    1:19cv626 (CMH/JFA)
            )
Lt. Hill, et al.,      )
  Defendants.     )

MEMORANDUM OPINION

Before the Court are cross motions for summary judgment filed by defendants V. Hill

("defendant Hill" or "Hill") and M. Summers ("defendant Summers" or "Summers")

(collectively "defendants") [Dkt. No. 104] and the plaintiff, Virginia state prisoner David

Nighthorse Firewalker-Fields ("plaintiff") [Dkt. No. 97]. For the reasons explained below, with

one exception, the complaint fails to state a claim upon which relief may be granted, thus

requiring the Court to dismiss the majority of plaintiff's pending claims. See 28 U.S.C. §

1915(e)(2)(B)(ii). With respect to the single claim properly before the Court, it is clear that

defendants are entitled to judgment in their favor, and their motion for summary judgment will

therefore be granted.[1]  Plaintiff's motion for summary judgment will be denied.

**I**

On March 17, 2021, the Court granted in part and denied in part a motion for summary

judgment previously filed by the defendants named in the amended and supplemental

---

[1] The Court finds in the alternative that defendants are also entitled to judgment in their favor as
to the claims dismissed under § 1915(e)(2)(B)(ii).

complaints.[2]  [Dkt. Nos. 89, 91].  Consistent with the analysis of the Memorandum Opinion and

its accompanying Order, only two claims remain before the Court at this time: Claims Three and

Four as stated in the complaint.  Only two defendants are named in these claims: defendants Hill

and Summers.  [Dkt. No. 16].

Both Claims Three and Four are at least partially predicated on a theory of First

Amendment retaliation, which the Fourth Circuit recently explored in significant depth in Martin

v. Duffy, 977 F.3d 294 (4th Cir. 2020) ("Martin II").  As explained in Martin II, a First

Amendment retaliation claim consists of three elements: (1) engagement in a protected First

Amendment activity; (2) adverse action on the part of the defendant; and (3) a causal relationship

between the plaintiff's protected activity and the defendant's adverse conduct.  Martin II (citing

Martin v. Duffy, 858 F.3d 239 (4th Cir. 2017)).

Claims Three and Four also invoke the Eighth Amendment, which, relevantly, endows

prisoners a right to be free from the imposition of cruel and unusual punishments.  To state an

Eighth Amendment claim based on the conditions of confinement in a correctional setting, a

complaint must allege (1) that a prisoner has been deprived of a basic human need such that he

has suffered a "serious or significant physical or mental injury," see Strickler v. Waters, 989 F.2d

1375, 1380-81 (4th Cir. 1993), and (2) that the defendant acted with a "sufficiently culpable state

of mind," see Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008) (citation omitted).  Specifically,

to support a conditions of confinement claim, the complaint must contain allegations that the

defendant acted with deliberate indifference to the prisoner's health or safety.  Farmer v.

Brennan, 511 U.S. 825, 834 (1984).

---

[2] Specifically, the Court dismissed all but Claims Three and Four, in the process dismissing
defendants Wyche, Adams, Boone, Tuell, Bratcher, Cosby, Morano, Jones, Witt, Mosley, and
Hamilton.  [Dkt. Nos. 89, 91].

**A.**     ***Failure to State a Claim***

Before assessing the merits of the summary judgment motions, the Court will assess the sufficiency of the complaint itself.  Additional review of the document reveals that, with one exception, it fails to state a viable claim with respect to the issues remaining before the Court. And where, as here, a plaintiff is proceeding in forma pauperis, a district court may dismiss an action—in whole or in part—when it determines the plaintiff has failed to state a claim for relief. See 28 U.S.C. § 1915(e)(B)(ii); Richardson v. Roslyn Children Center, 126 F. App'x 99 (4th Cir. 2005) (upholding district court's dismissal of "some claims and some defendants" under 28 U.S.C. § 1915(e)(2)(B)).

**1.**     **Standard of Review**

In enacting § 1915(e)(2)(B)(ii), Congress invoked the language of the Federal Rules of Civil Procedure, under which a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).  In reviewing a complaint pursuant to § 1915(e)(2)(B)(ii), a district court thus applies the same standard as a Rule 12(b)(6) motion.  To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if "the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Nemer Chevrolet, Ltd. v. Consumeraffairs.com Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).  A complaint must therefore allege facts in support of each element of each claim the plaintiff raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient.  Iqbal, 566 U.S. at 678.

3

In assessing the sufficiency of the pleadings, a reviewing court need not consider new allegations or theories raised in opposition to a defendant's dispositive motion. See, e.g., Barclay White Skanska, Inc. v. Battle Mem'l Inst., 262 F. App'x 556, 563 (4th Cir. 2008) (stating that a plaintiff may not amend a complaint through briefs filed in opposition to a motion for summary judgment). Indeed, "[a] plaintiff may not raise new claims without formally amending her complaint," and a reviewing court is thus free to assess "only … the allegations contained in [the complaint]" in determining whether there exists a viable claim. Hooker v. Disbrow, No. 1:16cv1588, 2017 WL 1377696, at *4 (E.D. Va. Apr. 13, 2017).

### 2.    Claim Three

The complaint alleges the following in support of Claim Three:

> Whenever I try to utilize the grievance procedure Unit Manager Hill threatens to move me out of the Hearing Impaired Pod (2B) in retaliation placing my health and safety at risk due to my disability and the extreme violence documented here at Sussex I by all the stabbings / staff assaults violated my Eighth Amendment and due process

[Dkt. No. 16] at 5.

The Court holds that plaintiff has not pleaded sufficient facts to support the third element of a First Amendment retaliation claim—causation. The Fourth Circuit in Martin II held that the "same-decision test" enunciated in Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977), applies in prisoner retaliation claims. Martin II at 299. Under this framework, a prisoner-plaintiff bears the burden of establishing that his "protected conduct was a substantial or motivating factor in a prison [official]'s decision to take adverse action." Martin II at 300. If the prisoner succeeds in this showing, the burden shifts to the defendant, who must prove a permissible basis for his or her action. Id.

4

Here, for several reasons, the complaint leaves no room for an inference that plaintiff's desire to utilize the prison's grievance procedure was "a substantial or motivating factor" in Hill's alleged decision to threaten plaintiff with relocation. The complaint does not specify or even approximate the number of times plaintiff allegedly pursued the grievance process and was threatened, let alone provide the dates, times, or specific factual circumstances of each occasion of each alleged threat. This Court has not hesitated to dismiss retaliation claims lacking such supporting factual allegations. See, e.g., Phillips v. Loudoun Cty. Public Schools, No. 1:19cv501, 2019 WL 5445292, at *7, n.13 (E.D. Va. Oct. 23, 2019) (finding plaintiff failed to state retaliation claim where he failed to allege "the specific dates on which he complained of mistreatment, about what mistreatment he complained, or to whom he complained").

The Court cannot even infer temporal proximity between plaintiff's efforts and Hill's actions, for the complaint offers no specific information with respect to the rapidity at which Hill allegedly acted. Even if the complaint did allege that Hill acted in close proximity to plaintiff's grievance requests, it still would not support a viable claim, for "mere temporal proximity is generally too slender a reed on which to rest a Section 1983 retaliatory [] claim." Holley v. Meredith, No. 7:18cv535, 2021 1198301, at *6 (W.D. Va. Mar. 29, 2021) (quoting Wagner v. Wheeler, 13 F.3d 86, 91 (4th Cir. 1993)). In short, although plaintiff invokes the word "retaliation" in this section of the complaint, he has failed to allege sufficient facts to establish a viable claim under that theory.

Nor does the complaint support an Eighth Amendment violation. Indeed, in support of Claim Three, the complaint alleges only that Unit Manager Hill threatened to move plaintiff to a location in which plaintiff believed he would be in danger; it does not allege that Hill ever actually acted on his words. Because "[m]ere threats or verbal abuse by prison officials ... do

5

not state a cognizable claim under § 1983," see Henslee v. Lewis, 153 F. App'x 178, 180 (4th

Cir. 2005), the complaint does not offer plaintiff a basis for relief under the Eighth Amendment.

See also Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).

Finally, plaintiff claims that Hill's actions violated his right to due process. This

argument is without merit, for prisoners have "no right to remain at any particular prison facility

and no justifiable expectation that he [or she] would not be transferred unless found guilty of

misconduct." Montayne v. Hayes, 427 U.S. 236, 242-43 (1976). See also Whitehead v. Cuffee,

No. 3:07cv283, 2009 WL 577468, at *4 (E.D. Va. Mar. 5, 2009) ("No due process protections

exist against the threatened loss of prison employment or facility placement.").

### 3.   Claim Four

The complaint alleges the following in support of Claim Four:

> I have complained to Unit Manager Hill and Officer Summers about the TTY
> phone being broke [sic] and not being able to use the only volume controlled
> phone in the pod due to non-hearing impaired inmates. After my initial complaint
> (verbal) I began to be berated and verbally assaulted by my cell partner at that
> time (cell 2B-19). My cell partner told me that Officer Summers told him I was a
> Muslim and a registered sex offender; and to quote "Make me suffer but not to
> touch me." I finally had to fight to be moved to a bottom bunk due to my seizure
> condition. On March 7, 2019 I received my bottom bunk pass and gave it to
> Officer Summers. I was told by Officer Summers and Unit Manager Hill that I
> would be moved to a bottom bunk when they saw fit and when I stopped
> complaining. It was thirty (30) days later that I was moved to 2B-26 a bottom
> bunk. On 6/24/19 my cell partner Joshua Fessler got into a verbal altercation with
> Officer Summers and was told "You and your cell partner need to stop
> complaining about everything in the pod or something bad will happen to you
> two." Since then I have had several inmates tell me that Officer Summers asked
> them to hurt me because I was interfereing [sic] with her favorite "click" [sic] of
> inmates. This violates my eigth [sic] Amendment.

[Dkt. No. 16] at 5-6.

Unlike in Claim Three, plaintiff does not argue that defendants' actions in Claim Four constituted a violation of his due process rights. Accordingly, the allegations are assessed only to determine whether they support claims under the First and Eighth Amendments.

Plaintiff's argument that Claim Four's allegations support an Eighth Amendment claim is easily cast aside. As stated above, a viable Eighth Amendment claim requires allegations that a prisoner-plaintiff has suffered "serious or significant physical or mental injury" due to a defendant's deliberate indifference to the prisoner's needs. See Strickler, 989 F.2d at 1380-81; Farmer, 511 U.S. at 834. No such allegations are present in the complaint. Although the complaint admittedly alleges that Hill and Summers incited other inmates to harass or harm plaintiff—undoubtedly reprehensible behavior—it does not state that their actions led to plaintiff actually suffering any cognizable harm. Indeed, the only alleged consequence of Hill and Summers' actions was a "verbal assault" by plaintiff's cellmate. This is inadequate to support an Eighth Amendment claim. Cf. Henslee, 153 F. App'x at 180 (complaint failed to state Eighth Amendment claim where it alleged that jail employee incited other inmates to attack him but did not claim that any such attack actually occurred); Langston v. Fleming, 38 F.3d 1213 (4th Cir. 1994) (complaint alleging that prison guard "endangered" plaintiff's life by informing other inmates plaintiff had been charged with rape failed to state a viable Eighth Amendment claim).

Contrarily, the allegations raised under Claim Four do support First Amendment retaliation claim; however, as discussed below, the complaint does not withstand defendants' motion for summary judgment.

**B.**   *Cross Motions for Summary Judgment*

### 1.   Standard of Review

Summary judgment is appropriate when the record as a whole reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248-49, but "must come forward with specific facts showing that there is a genuine issue for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted).  The reviewing court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party.  See Scott, 550 U.S. at 378.  "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure."  Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011).

### 2.   Compilation of Statement of Undisputed Facts

Several issues shaped the process by which the Court compiled the undisputed factual record in this matter.  First, plaintiff has substantially failed to comply with Local Rule 56(B) or Rule 56 of the Federal Rules of Civil Procedure, each of which direct the movant of a summary judgment motion to submit or identify from the record specific evidence supportive of his or her position.  See Local Civ. R. 56(B) ("Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving

8

party contends there is no genuine issue *and citing the parts of the record relied on to support the listed facts as alleged to be undisputed.*") (emphasis added); Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record … or (B) showing that the materials cited to not establish the absence or presence of a genuine dispute."). Indeed, plaintiff has failed to include any affidavits or documentary evidence in support of his motion, and, with only one exception, has failed to refer to documents previously submitted to the record.[3]  Despite plaintiff's failure to highlight relevant evidence, the Court has scoured the record in search of evidence supportive of plaintiff's position.  What little of this evidence exists is included in the statement of undisputed facts.

Second, although throughout this litigation plaintiff has submitted several iterations of his complaint, only one of those documents is verified and admissible as evidence at the summary judgment stage. See Huff v. Outlaw, No. 9:09-cv-520, 2010 WL 1433470, at *2 (D.S.C. Apr. 8, 2010) ("[T]he law is clear that a plaintiff cannot rely on an unverified complaint in opposing a motion for summary judgment."); Miskin v. Baxter Healthcare Corp., 107 F. Supp. 2d 669, 671 (D. Md. 1999) ("To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)—that the documents be admissible in evidence.").

Unlike plaintiff, defendants have furnished the Court with documentary evidence and affidavits—both in support of their motion for summary judgment and in their opposition to

---

[3] In the memorandum supporting his motion for summary judgment, plaintiff refers to a document he previously submitted to the Court—a document showing that an institutional doctor had provided him a bottom bunk assignment. [Dkt. No. 98] at 4.  In the memorandum, plaintiff states that he received this assignment on March 19, 2019.  Id.  The document itself, however, is dated March 7, 2019.  [Dkt. No. 86-1].

plaintiff's. [Dkt. Nos. 25, 54, 105, 107]. Defendants have thus abided by the Local and Federal Civil Rules. Where relevant to the disposition of the issues before the Court, the evidence defendants have provided and identified contributes to the statement of undisputed facts.

### 3.   Statement of Undisputed Facts

At all times relevant to this lawsuit, plaintiff was incarcerated at Sussex I State Prison ("SISP"), where defendants Hill and Summers were both employed. Hill served as a lieutenant at SISP and, between April 2019 and August 2019, additionally held the title of "Acting Unit Manager." [Dkt. No. 105-1] at ¶ 1. Summers is currently a Counselor at SISP and formerly held the role of Treatment Officer. [Dkt. No. 58] at ¶ 1. Upon his arrival at SISP on September 5, 2018, plaintiff was assigned to a bottom bunk in general population. [Dkt. No. 54-2] at ¶ 4. On February 5, 2019, he was moved to a top bunk the Shared Allied Management ("SAM") housing unit in a different section of the prison. Id. The SAM unit is designed for offender populations that require additional attention from security, mental health, or medical staff members. Id.

On March 7, 2019, plaintiff received a "Lower Bunk Assignment" from institutional medical staff. [Dkt. Nos. 86-1; 105-1]. On April 12, 2019, he submitted an Informal Complaint, grieving the fact that he had not yet been provided such relief. [Dkt. No. 105-1] at 3. Defendant Hill responded to the complaint on April 18, 2019, stating that VACORIS—the state Department of Corrections's offender management database—confirmed that plaintiff had indeed been assigned a bottom bunk and stated that plaintiff would be moved to an available unit. Id. Neither defendant Hill nor Summers ever threatened to move plaintiff from his bottom bunk or acted to prevent plaintiff from receiving it in the first instance. [Dkt. Nos. 58; 105-1]. Neither Hill nor Summers ever instructed SISP inmates to harass, bother, intimidate, or physically harm plaintiff. Id.

4.    **Analysis**

On the basis of the undisputed evidence above, both plaintiff and defendants argue they are entitled to judgment as a matter of law with respect to the two claims remaining before the Court. To recap, in Claim Three, plaintiff asserts that defendant Hill violated his rights by "threat[ening] to move [plaintiff] our of the Hearing Impaired Pod (2B)" "whenever [plaintiff] tr[ies] to utilize the grievance procedure." [Dkt. No. 16] at 5. This, according to plaintiff, violated his rights under the First and Eighth Amendments. Id. In Claim Four, plaintiff claims that defendants Hill and Summers retaliated against him by denying him a bottom bunk assignment and by inciting other inmates to harass or harm him after he complained about the availability of TTY phones in the pod. Id. at 5-6. This, too, according to plaintiff, violated the First and Eighth Amendments. Id.

In his motion for summary judgment, plaintiff correctly identifies these claims but curiously provides a recitation of facts assigning exactly no blame to either of defendants Hill or Summers—the only two defendants named in the remaining claims. [Dkt. No. 98]. Instead, in the statement of facts, defendant Adams—who was dismissed from this action in response to the previous summary judgment motion filed in this action—appears as the subject of plaintiff's frustrations. [See Dkt. No. 98] at 4-6.

Whether construed as claims against Hill and Summers or against Adams, it is clear that there is insufficient evidence to grant summary judgment to plaintiff with respect to the claims remaining before the Court. As explained above, a First Amendment retaliation claim requires proof that a defendant took adverse action against a plaintiff for exercising his rights. See Martin II. Here, there is simply no record evidence to support the notion that the defendants acted in the manner he claims, namely by (1) threatening to remove plaintiff from the hearing impaired pod;

11

(2) instigating other inmates to harass, intimidate, or physically attack plaintiff; or (3) by refusing

to provide plaintiff the bottom bunk he had been medically prescribed.

That there is no evidence to support the notion that defendants took adverse action

against plaintiff also undercuts plaintiff's Eighth Amendment claims, for it appears to the Court

that plaintiff believes the very same actions that he alleged constituted First Amendment

retaliation also violated his rights under the Eighth Amendment.  [See Dkt. No. 16] at 5 (where

plaintiff alleges that Hill's threats to move him from the hearing impaired pod "plac[ed]

[plaintiff's] health and safety at risk," which plaintiff argued "violated my Eigth [sic]

Amendment").  Also fatal to plaintiff's Eighth Amendment claims is the lack of any evidence

that plaintiff suffered a "serious or significant physical or mental injury." See Strickler, 989 F.2d

at 1380-81.

The dearth of evidence supporting plaintiff's position, of course, directly supports

defendants' position, for "[i]f there is insufficient evidence for a reasonable jury to render a

verdict in favor of the non-moving party, there is no genuine issue of material fact, and summary

judgment may be granted." Bancroft Life & Casualty ICC, Ltd. v. Lo, No. JFM-12-2947, 2013

WL 300750, at *2 (D. Md. Jan. 24, 2013) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986)).

But defendants do not simply rest on the lack of evidence proffered by plaintiff; they

have affirmatively introduced evidence of their own in support of the notion that they did not act

in the manner described in the amended complaint.  [See Dkt. No. 58] at ¶ 4 (attestation from

Summers, stating "I have never threatened to move Firewalker-Felds from his bottom-bunk

housing assignment, nor have I ever made threats against him or asked other inmates to attack

him"); [Dkt. No. 105-1] at ¶ 4 (attestation by Hill, stating "I never threatened to move

12

Firewalker-Fields and/or prevent him from having a bottom-bunk housing assignment because he filed grievances, or for any reason.  To the contrary, I responded to an Informal Complaint received from Firewalker on April 17, 2019.  After checking VACORIS, the Virginia Department of Corrections offender management database, and determining that Firewalker had been approved for bottom bunk status, I advised that he would be moved to a bottom bunk assignment . . . . Prior to receiving the Informal Complaint, I was not aware that Firewalker-Fields had been given a bottom bunk pass.").

On this basis, defendants have carried their burden to show that, as a matter of law, they did not violate plaintiff's rights under the First, Eighth, or Fourteenth Amendments.  There is no evidence to support the notion that they subjected plaintiff to a "serious or significant physical or mental injury," see Strickler at 1380-81, or that they took adverse action against plaintiff for exercising his rights under the First Amendment.

### III

For the reasons stated above, through an Order that will accompany this Memorandum Opinion, several of plaintiff's claims will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), defendants' motion for summary judgment will be granted, and plaintiff's motion for summary judgment will be denied.

Entered this _28th_ day of _July_ 2021.

_Claude M. Hilton_
United States District Judge

Alexandria, Virginia

13